**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

RICHARD A. ALLBEE and
CHRISTINE M. SAMPSON, Co-
Executor of the Donald C. Allbee Estate,
and RICHARD A. ALLBEE and
CHRISTINE M. SAMPSON,
Individually,

    Plaintiffs,

vs.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

No. C08-3013-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING PLAINTIFFS'
MOTION TO REMAND**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Standards And Procedures Of Removal Jurisdiction* . . . . . . . . . . . . . 5
   *B. Timeliness Of Removal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION AND BACKGROUND

### A. *Factual Background*

The following factual background, all of which is undisputed, is based on the allegations of plaintiffs' petition, and JPMorgan's answer, as well as JPMorgan's Notice of Removal and supporting documents.

Defendant JPMorgan is a national banking association with its main office in Columbus, Ohio. Plaintiffs Richard A. Allbee and Christine M. Sampson are the children of Donald C. Allbee and Mercedes M. Allbee. Richard and Christine are both residents of Iowa. Donald died on April 8, 2007. Merecedes predeceased him. Before their deaths, Donald and Merecedes created two trusts. Donald created the Donald C. Allbee Revocable Trust and Mercedes created the Merecedes M. Allbee Revocable Trust. Neither trust was revoked during the lifetime of its trustor and upon the death of Mercedes, the Merecedes M. Allbee Revocable Trust was, by its terms, seperated into two trusts, the Mercedes M. Allbee Qualified Election Trust and the Mercedes M. Albee Family Trust (the three trusts will collectively be referred to as "the Trusts" unless otherwise indicated). The Valley National Bank of Arizona was designated trustee of the Trusts. JPMorgan is the successor in interest to the Valley National Bank of Arizona and functioned as trustee of the Trusts at all relevant times. Prior to Donald's death, Donald, Richard, and Christine requested that JPMorgan take appropriate action to reduce federal estate taxes which would be due upon Donald's death.[1] JPMorgan failed and refused to take such action and, as a result, the federal tax liability of Donald's estate was increased and the

---

[1] The precise value of the Trusts is unclear from the record but it is uncontested that the Trusts were valued at over $9,000,000.

share to be received by the beneficiaries has been reduced. The petition does not state the amount of relief being requested by plaintiffs.[2]

### B. Procedural Background

Plaintiffs Richard A. Allbee and Christine M. Sampson, individually and as co-executors of the estate of Donald C. Allbee, their father, filed this action on September 20, 2007, in Iowa District Court in and for Franklin County, against defendant JPMorgan Chase Bank, N.A. ("JPMorgan") asserting claims of breach of contract, breach of fiduciary duty, and negligence against JPMorgan resulting from JPMorgan's handling of certain trusts and alleged failure to take appropriate steps to reduce federal estate taxes that would be due upon the death of Donald C. Allbee.

On January 30, 2008, JPMorgan served plaintiffs with its First Set Of Requests For Admission. In the requests for admission, JPMorgan requested the following:

> 1. Admit that Plaintiffs are seeking damages in this action in excess of $75,000, exclusive of interests and costs.

---

[2]The court notes that the plaintiffs were prevented from doing so under Iowa law. Iowa Rule of Civil Procedure 1.403(1) states in pertinent part:

> A pleading which sets forth a claim for relief . . . . *shall not state the specific amount of money damages sought* but shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy. The specific amount and elements of monetary damages sought may be obtained through discovery.

IOWA R. CIV. P. 1.403(1) (emphasis added).

Defendant's First Set Of Requests For Admission at ¶ 1 (attached as Ex. D to defendant JPMorgan's Notice Of Removal). On February 28, 2008, plaintiffs served their Response To Defendant's First Request For Admissions. Plaintiffs' response was as follows:

> Plaintiffs admit that they seek damages in excess of $75,000 exclusive of interest and costs. Plaintiffs further state that defendant as trustee of the trusts involved in this action and responsible for administering assets of the trusts valued in excess of $10,000,000, has been well aware of the fact that on the death of Dr. Donald Albee the federal estate tax liability of his estate would approximate $3,400,000. With this knowledge and from review of the allegations contained in the petition defendant was on notice of the fact that plaintiffs seek in excess of $75,000. Further, counsel for plaintiffs advised counsel for defendant that the estimated $3,400,000 tax liability was the maximum amount in controversy in this action in a December 2007 telephone conversation.

Plaintiffs' Response To Defendant's First Request For Admissions at ¶ 1 (attached as Ex. E to defendant JPMorgan's Notice Of Removal).

On March 18, 2008, JP Morgan removed this action to this federal court pursuant to 28 U.S.C. § 1441(b). On April 4, 2008, plaintiffs filed an application for remand of this matter to state court, asserting that JPMorgan's removal was untimely and the action must be remanded. Plaintiffs contend that JPMorgan knew the amount sought in damages before it received plaintiffs' response to its request for admissions. JPMorgan has filed a timely resistance to plaintiffs' Motion To Remand in which it argues that the time for removal was not triggered by the filing of the petition since the petition is silent on the amount of damages but instead that removal in this case is governed by 28 U.S.C. § 1446(b) since the filing of "other paper" revealed the amount in controversy. JPMorgan contends that plaintiffs' response to its request for admissions revealed for the first time

4

the amount in controversy and, as a result, removal was not triggered before that time and its removal was therefore timely.

## II. LEGAL ANALYSIS

### A. Standards And Procedures Of Removal Jurisdiction

In *Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891 (N.D. Iowa 2000), this court summarized the principles of subject matter jurisdiction implicated by removal and remand of cases originally filed in state court, observing that:

> [S]uffice it to say that 28 U.S.C. § 1332 establishes original federal jurisdiction over actions involving "diversity of citizenship"; 28 U.S.C. § 1441(a) provides for removal to federal court of civil actions "of which the district courts of the United States have original jurisdiction"; § 1441(b) provides that actions not founded on a federal question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"; § 1446 establishes the procedure for removal; and § 1447 establishes the procedures after removal and the procedures for challenging removal for lack of subject matter jurisdiction or other defect. *Farmers Co-op. Elevator, Woden, Iowa v. Doden*, 946 F. Supp. 718, 726 (N.D. Iowa 1996). "[W]here the district court does not have original jurisdiction for want of subject matter jurisdiction, removal is improper and the case must be remanded under the terms of § 1447(c)." *Id.* Furthermore, "[t]he party seeking removal and opposing remand, . . . has the burden of establishing federal subject matter jurisdiction. The court's removal jurisdiction must be strictly construed." *Id.* (citations omitted).

*Foslip Pharmaceuticals, Inc.*, 92 F. Supp. 2d at 900-01.

Prior to *Folsip*, in *McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F. Supp. 646 (N.D. Iowa 1995), this court summarized the principles applicable to a motion to remand as follows: (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale*, 909 F. Supp. at 650; *see also Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc.*, 157 F. Supp. 2d 1018, 1041-43 (N.D. Iowa 2001) (reiterating this summary); *Foslip Pharmaceuticals, Inc.*, 92 F. Supp. 2d at 901 (quoting *McCorkindale,* 909 F. Supp. at 650); *Halsne v. Liberty Mut. Group*, 40 F. Supp. 2d 1087, 1089 (N.D. Iowa 1999) (reiterating the same summary).

### B. Timeliness Of Removal

The parties do not contend the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are not met in this case, nor can they since the parties are from different states and the amount in controversy exceeds the jurisdictional minimum. Rather, what the parties dispute is whether this case was timely removed under the thirty-day requirement of 28 U.S.C. § 1446(b). JPMorgan argues the amount in controversy was not known until it received plaintiffs' response to its first request for admissions on February 28, 2008, and, as a result, its removal was timely under § 1446(b). Plaintiffs, on the other

hand, contend that when JPMorgan received the petition, JPMorgan knew the amount in controversy was in excess of $75,000. As a result, plaintiffs argue that JPMorgan's removal on March 18, 2008, was untimely. Resolution of this dispute requires the court to examine § 1446(b). Section 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

18 U.S.C. § 1446(b).

In its decision in *In re Willis*, 228 F.3d 896 (8th Cir. 2000), the Eighth Circuit Court of Appeals contemplated whether § 1446(b)'s thirty-day removal period was triggered by filing a petition that did not disclose the amount of damages being sought. In *Willis*, plaintiff, a Missouri resident, filed a personal injury action against a Virginia resident in Missouri state court for an unspecified amount in damages for pain and suffering, permanent disability and loss of wages. *Id* at 897. Subsequently, during discovery, defendant filed an "Offer of Judgment" in the amount of $75,001. *Id*. Defendant subsequently removed the case to federal court and plaintiff moved to remand,

7

"arguing the notice of removal was filed beyond the thirty-day time limit of 28 U.S.C. § 1446(b)." *Id.* The district court granted plaintiff's motion, "reasoning that the case was removable when filed and therefore the alternative time limit of section 1446(b) did not apply." *Id.* (footnote omitted). The Eighth Circuit Court of Appeals granted defendant's petition for writ of mandamus and reversed the district court's decision, holding that:

> We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint *only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount. See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* Further, this rule prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court. We therefore grant the petition for mandamus and direct the district court to reassume jurisdiction of the case and reinstate the case on its docket.

*Id.* (emphasis added).

Following the Court of Appeals's *In re Willis* decision, the district court in *Nguyen v. Kautz*, 125 F.Supp.2d 364 (S.D. Iowa 2000), construed it as "adopt[ing] a bright-line rule that 'the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.'" *Id.* (quoting *In re Willis*, 228 F.3d at 897). The court in *Nguyen*, observed that:

> The thrust behind the new rule is to put the burden on plaintiffs to start the alternative time clock in § 1446(b). *See In re Willis*, 228 F.3d at 897; *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162-163 (5th Cir. 1992) (rejecting the idea that the defendant has a duty to exercise due

8

diligence in determining the amount in controversy), cited in *In re Willis*, 228 F.3d at 897.

This has great practical implications for plaintiffs. It means that in Iowa, plaintiffs who want the 30-day time limit to begin running immediately must do one of two things: (1) state in their petition that the amount in controversy exceeds the federal jurisdictional requirement, if Iowa Code § 619.18 is interpreted to allow such a statement; or (2) serve the defendant with a statement of the same separate from the petition. If the plaintiff never serves the defendant with notice that the amount in controversy exceeds the federal jurisdictional amount, the defendant will be able to remove the case for up to one year after the commencement of the action.

*Id.* (footnote omitted).[3]

Subsequently, in *LaPree v. Prudential Fin.*, 385 F. Supp.2d 839 (S.D. Iowa 2005), plaintiff brought suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, for breach of the terms of a disability policy, breach of contract, and bad faith, and requested "'judgment against defendants in an amount to be determined at trial.'" *Id.* at 840. The district court concluded that, under the holding in *In re Willis*, even though the petition set forth enough facts from which the amount of damages could

---

[3]Iowa Code § 619.18 provides:

> In an action for personal injury or wrongful death, the amount of money damages demanded shall not be stated in the petition, original notice, or any counterclaim or cross-petition. However, a party filing the petition, original notice, counterclaim, or cross-petition shall certify to the court that the action meets applicable jurisdictional requirements for amount in controversy.

IOWA CODE § 619.18.

9

have been calculated, plaintiff "must affirmatively disclose the amount in controversy to trigger the thirty-day removal period." *Id*. at 850. The court concluded that plaintiff took such action in the case at the time she provided certain demand letters to defendants. *Id*. The court found that plaintiff's "demand letters constituted 'other paper' and provided the necessary affirmative proof that the jurisdictional amount was satisfied in accordance with 28 U.S.C. § 1446(b)." As a result, the court determined that defendants' removal was untimely, granted plaintiff's motion to remand, and remanded the case to Iowa state court, pursuant to 28 U.S.C. § 1447(c).

Plaintiffs argue that the court should not follow the *In re Willis* decision of the Eighth Circuit Court of Appeals because that decision is based on an incorrect reading of the Fifth Circuit Court of Appeals's decision in *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Plaintiffs direct the court to a number of district court decisions from the Fifth Circuit in which the district courts concluded that the *Chapman* decision does not require that there be either an amount of damages alleged or a specific statement that the amount in controversy exceeds the federal jurisdictional amount. *See e.g. Everett v. Consolidated Freightways Corp.*, 110 F. Supp.2d 510, 513 (E.D. Tex.2000) (noting that "rather than mandating rigid adherence to some kind of formalistic pleading requirement, *Chapman* merely requires that a state court complaint be sufficiently definite on its face to enable defendants to ascertain removability without reliance on speculation or conjecture."); *Century Assets Corp. v. Solow*, 88 F. Supp.2d 659 (E.D. Tex. 2000) (concluding that "[t]here is no requirement in the Fifth Circuit, however, that an actual dollar amount must appear on a paper in the suit."). The flaw in this argument is at once apparent. It is axiomatic that a district court bound by circuit authority has no choice but to follow it, even if convinced that such authority was wrongly decided. *See M.M ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (holding that district

court erred in not following binding Eighth Circuit precedent and noting that circuit precedent "is controlling until overruled by our court en banc, by the Supreme Court, or by Congress."); *see also Eulitt ex rel. Eulitt v. Maine Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004) (noting that "[u]ntil a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority."); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted), *cert. denied*, 123 S. Ct. 1301 (2005); *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) (observing that "[a] circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts."). Thus, in this case, the court is bound to apply the holding of the Eighth Circuit Court of Appeals in *In re Willis*.

Here, plaintiffs' petition alleges that "[p]laintiffs sustained damages, including but not limited to increased tax liability." Petition at ¶¶ 16, 21 and 26. Thus, the court finds that the petition in this case seeks an unspecified amount of damages. As a result, plaintiffs must affirmatively disclose the amount in controversy in order to activate § 1446(b)'s thirty-day removal period. *See In re Willis*, 228 F.3d at 896; *LaPree*, 385 F. Supp.2d at 850; *Nguyen*, 125 F. Supp.2d at 365. In this case, plaintiffs response to JPMorgan's First Request For Admissions, which was served on February 28, 2008, constituted an "other paper" under § 1446(b) and triggered the running of the thirty-day removal period in § 1446(b). Accordingly, the court concludes that JPMorgan's removal of this action was timely and plaintiffs' Motion to Remand is denied.

### *III. CONCLUSION*

For the reasons set out above, the court concludes that JPMorgan's removal of this action was timely. Therefore, plaintiffs' Motion to Remand is **denied.**

**IT IS SO ORDERED.**

**DATED** this 5th day of August, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA